Simeon Amado **ECHEVERRIA– RODAS,** Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 02–71894.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007 *.

Filed Jan. 30, 2007.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Simeon Amado Echeverria–Rodas, Las Vegas, NV, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Edward C. Durant, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

## MEMORANDUM **

Simeon Amado Echeverria–Rodas, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order summarily affirming, without opinion, his appeal from an immigration judge's ("IJ") order denying his applications for asylum, withholding of deportation, and suspension of deportation. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. Reviewing purely legal issues de novo, *see Padilla–Padilla v. Gonzales*, 463 F.3d 972, 975 (9th Cir.2006), and factual determinations for substantial evidence, *see Nahrvani v. Gonzales*, 399 F.3d 1148, 1151 (9th Cir.2005), we deny the petition for review in part, dismiss it in part, and grant it in part.

█ Echeverria–Rodas stated that he fled Guatemala after receiving an anonymous threatening letter in 1988. He testified that several coworkers were killed and that armed men entered his workplace at some point, but that he did not know who was responsible. Contrary to Echeverria–Rodas' contentions, the evidence does not compel the conclusion that his mistreatment rose to the level of persecution, or that his fear of returning to Guatemala is objectively reasonable. *See id.* at 1153–54. Because Echeverria–Rodas failed to establish eligibility for asylum, he necessarily

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

failed to meet the higher burden for withholding of deportation. *See id.* at 1154.

■ We lack jurisdiction to review the discretionary determination that Echeverria–Rodas failed to make the requisite showing of extreme hardship to be eligible for suspension of deportation. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005); *Kalaw v. INS,* 133 F.3d 1147, 1152 (9th Cir.1997).

Echeverria–Rodas' remaining contentions are unpersuasive.

■ The IJ granted voluntary departure for a 92–day period. The BIA's streamlined order changed the voluntary departure period to 30 days. In *Padilla–Padilla,* 463 F.3d at 981, we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." As in *Padilla–Padilla,* we are not sure if Echeverria–Rodas can still have the benefit of the voluntary departure order. *See id.* at 982. We therefore remand to allow the BIA to determine that question.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part; GRANTED in part; REMANDED.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.